UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILLIP SOTTILE,<br><br>                      Plaintiff,<br><br>          v.<br><br>CITY OF NEW YORK, NEW YORK CITY POLICE DETECTIVE MICHAEL LOPRESTI (Shield #4626), DETECTIVE MATHEW REICH (Shield #122), DETECTIVE STEVEN SPOSITO (Tax #926161) NEW YORK CITY POLICE OFFICERS OFFICERS "JOHN DOE" #1 through #5, individually and in their official capacities, (the names "John Doe" being fictitious, as the true names of these individuals are presently unknown),<br><br>                      Defendants. | **COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Phillip Sottile, by his attorney, Geoffrey S. Stewart, complaining of the Defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

Plaintiff brings this action for damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, for the wrongful acts of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DETECTIVE MICHAEL LOPRESTI (Shield #4626), DETECTIVE MATHEW REICH (Shield #122), DETECTIVE STEVEN SPOSITO (Tax #926161) NEW YORK CITY POLICE OFFICERS OFFICERS "JOHN DOE" #1 through #5, individually and in their official capacities, (the names "John Doe" being fictitious, as the true names of these individuals are presently unknown), as Officers of the New York City Police Department, and other agencies of the City of New York, all acting under color of state law and pursuant to their authority, in

1

violation of Plaintiff's rights under the Constitution and laws of the United States and of the State of New York.

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 as to any and all of Plaintiff's claims arising under New York state law as such claims share a common nucleus of operative facts with Plaintiff's federal claims herein.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which a substantial part of events or omissions giving rise to the claim occurred.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff PHILLIP SOTTILE is a male who was at all relevant times a resident of the borough of Staten Island in the County of Richmond and State of New York. He currently resides in New York County, State of New York.

7. Defendant CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York. Defendant CITY operates, manages, directs and controls the New York City Police Department ("NYPD"), and other municipal agencies and

departments which are responsible for carrying out law enforcement activities under color of state law.

8. Defendants NEW YORK CITY POLICE DETECTIVE MICHAEL LOPRESTI (Shield #4626), DETECTIVE MATHEW REICH (Shield #122), DETECTIVE STEVEN SPOSITO (Tax #926161) NEW YORK CITY POLICE OFFICERS OFFICERS "JOHN DOE" #1 through #5, are and were at all relevant times police officers, supervisors, and/or policymakers employed by Defendant CITY with the NYPD and/or other CITY agencies and acting under color of state law.

9. At all times relevant hereto and in all their actions alleged herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its agencies and departments, including the NYPD, and pursuant to their authority as employees, servants and agents of the NYPD, and/or other agencies, and within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and law enforcement officers.

10. Defendant CITY was responsible for the hiring, training, supervision, discipline, retention and promotion of officers, supervisors, and employees within its agencies, including the NYPD, and/or other agencies which employed the Defendants herein.

## FACTS

11. On or about the evening of September 2, 2011 at approximately 7:35 p.m., Plaintiff PHILLIP SOTTILE was lawfully present inside a motor vehicle with a friend at the corner of Mill Road and Pelican Circle in Staten Island, New York, County of Richmond, State of New York. Neither the Plaintiff nor the passenger were engaged in any unlawful conduct whatsoever.

12. Plaintiff then heard someone yell "freeze" as he was sitting in his vehicle and observed numerous police officers including the named Defendants pointing firearms at him and his passenger and ordered them out of the vehicle. Plaintiff complied and was dragged out, thrown to the ground, beaten, punched and kicked by numerous police officers including the named Defendants. Upon exiting his vehicle Plaintiff dropped down to his knees, and put his hands clearly behind his head. Defendant Officers had ordered Plaintiff out of his vehicle, attacked him and later handcuffed him without probable cause or reasonable suspicion to do so.

13. Defendant Officers then unlawfully arrested Plaintiff, tackled Plaintiff forcibly to the ground, placed handcuffs on Plaintiff that were too tight, and punched and kicked Plaintiff repeatedly causing Plaintiff to experience pain throughout his body.

14. Defendant Officers then placed their entire weight on Plaintiff's back by sharply digging their knees into Plaintiff's back and proceeded to jump on the handcuffs which had Plaintiff's wrists in them at the time. Plaintiff was completely restrained, lying prostrate on the ground, and not attempting to move or fight back.

15. During this time Defendant Officers were using abusive language directed at Plaintiff.

16. Defendant Officer John Doe #1 and Defendant Officer John Doe #2 then transported Plaintiff to the NYPD 122th Precinct, where he was processed, searched, and placed in a cell. During this time, he repeatedly notified Defendant NYPD Officers that he was in extreme pain, that he had been beaten by Defendant Officers, and needed to go to a hospital.

17. After a period of time after Plaintiff was placed in a cell, Defendant NYPD Officers transported Plaintiff to a local hospital in Staten Island, where Plaintiff was examined, and treated for several hours for the various injuries, contusions, and other ailments caused to

Plaintiff when he was beaten by Defendant Officers.

18. Defendant NYPD Officers then transported Defendant back to Central Booking, located at 67 Targee Street, Staten Island, NY where he was locked in a cell for the rest of the evening and overnight. Plaintiff was continually in pain throughout this period because of injuries caused by Defendant Officers. Plaintiff was held at Central Booking for over 48 hours awaiting arraignment.

19. On or about September 4, 2011 Plaintiff was arraigned in the Criminal Court of the City of New York, Richmond County (Docket No. 2011RI008122) based on false allegations made by Defendant Detective Lopresti and Defendant Detective Reich that were later contained in an accusatory instrument in the form of a criminal complaint signed by Defendant Detective Mathew Reich.

20. In the aforementioned complaint, Defendant Officers falsely accused Plaintiff of transferring pills to another individual. The only pills recovered during the arrest of Plaintiff were ones for which Plaintiff had a valid prescription. Whenever Plaintiff tried to explain that his pills were legal he was either struck, beaten, or verbally abused by Defendant Officers.

21. Plaintiff was arraigned for violating New York P.L. § 220.39(1) Criminal Sale of a Controlled Substance in the Third Degree and other related charges and N.Y.P.L. § 205.30 Resisting Arrest. Thereafter, based upon these false allegations Plaintiff remained in custody for several hours until the $1,000 bail was posted.

22. Plaintiff was released but continued to suffer severe stress, upset, and physical pain. On or about October 12, 2011 and December 8, 2011, and January 23, 2012 and March 12, 2012 Plaintiff was required to appear in court to face these false allegations. On each occasion the prosecutor offered a favorable plea bargain which was rejected.

23. On March 12, 2012, the case and all charges in the complaint were dismissed for failure to prosecute in a timely manner in violation of NY CPL Section 30.30.

**FIRST CLAIM FOR RELIEF:**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS**

24. Plaintiff PHILLIP SOTTILE repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.25

25. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

26. All of the aforementioned acts by Defendants deprived Plaintiff of the rights, privileges and immunities guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, said violations being actionable under 42 U.S.C. § 1983.

27. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and corrections officers, with the actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures and rules of Defendant CITY and its NYPD, all under the supervision of ranking officers of said department.

29. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as corrections officers, pursuant to the customs, usages, practices, procedures and rules of Defendant CITY and its NYPD, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, violated Plaintiff's civil rights; these violations were driven and motivated by, reflective of, and carried

out pursuant to a custom, usage, practice, procedure or rule of Defendant CITY, which is forbidden by the Constitution of the United States.

31. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

**SECOND CLAIM FOR RELIEF:**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

32. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

33. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

34. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and Plaintiff was at all times aware of his confinement. Plaintiff was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

35. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before his neighbors and peers. Plaintiff was discredited in the minds of many members of the community.

**THIRD CLAIM FOR RELIEF:**
**EXCESSIVE FORCE**

36. Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

37. The degree of force used by Defendants was excessive, unreasonable and unwarranted.

38. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, negligent, unconscionable and unprovoked.

39. As a result of the excessive force and brutality, Plaintiff sustained substantial pain, bone fractures, contusions, and bruising and swelling about his body.

40. All of the aforementioned acts of Defendants constituted excessive force under the laws of the State of New York and they are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## FOURTH CLAIM FOR RELIEF:
## ASSAULT UNDER NEW YORK LAW

41. Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

42. By the actions described above, the individual Defendants intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact.

43. As a consequence thereof Plaintiff has been injured.

## FIFTH CLAIM FOR RELIEF:
## BATTERY UNDER NEW YORK LAW

44. Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

45. By the actions described above, Defendants intentionally caused and allowed Plaintiff to be struck in a harmful and offensive manner.

46. As a consequence thereof Plaintiff has been injured.

## SIXTH CLAIM FOR RELIEF:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

48. Defendants' unlawful conduct, including the violations of Plaintiff's constitutional rights, constituted extreme and outrageous conduct that was beyond the boundaries of decency.

49. Defendant NYPD officers acted intentionally in their unlawful conduct.

50. Defendant CITY acted with reckless disregard as to whether its customs, policies, usages, practices, procedures, and rules of its NYPD would result in extreme and outrageous conduct inflicted upon Plaintiff.

51. Defendants' conduct was the direct and proximate cause of the harm to Plaintiff.

52. Plaintiff suffered and continues to suffer physical injury, and Plaintiff suffered and continues to suffer severe emotional distress, and was otherwise injured, as a result of Defendants' conduct.

## SEVENTH CLAIM FOR RELIEF:
## FAILURE TO INTERVENE

53. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporate such allegations by reference as if fully stated herein.

54. Those Defendants that were present during the time when Plaintiff's constitutional rights were violated, but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

55. Accordingly, the Defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments.

56. As a direct and proximate result of this unlawful conduct, Plaintiff was subjected to excessive force, humiliation, ridicule, and disgrace before their family and peers, confinement, pain and suffering, embarrassment and emotional distress.

### EIGHTH CLAIM FOR RELIEF:
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

57. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

58. Defendants issued legal process to place Plaintiff under arrest.

59. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

60. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

### NINTH CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

61. Plaintiff PHILLIP SOTTILE repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

62. Defendants searched, seized and prosecuted Plaintiff despite a complete lack of cause against him, notwithstanding their knowledge that such actions would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

63. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers and officials, with the entire actual and/or apparent authority attendant thereto.

64. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as officers and officials pursuant to the customs, policies, usages, practices,

procedures and rules of Defendant CITY and its agencies, including the NYPD, under the supervision of ranking officers of said department.

65. The aforementioned customs, policies, usages, practices, procedures and Defendant CITY include discriminating against and detaining males without reasonable suspicion or having probable cause as to each individual and without evidence of each individual's criminal activity and conducting intrusive body searches without individual particularized suspicion or other justification.

66. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

67. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

68. Defendant CITY, as municipal policymaker in the training and supervision of CITY OF NEW YORK, NEW YORK CITY POLICE DETECTIVE MICHAEL LOPRESTI (Shield #4626), DETECTIVE MATHEW REICH (Shield #122), DETECTIVE STEVEN SPOSITO (Tax #926161) NEW YORK CITY POLICE OFFICERS OFFICERS "JOHN DOE" #1 through #5,, individually and in their official capacities, (the names "John Doe" being fictitious, as the true names of these individuals are presently unknown), individually and in their official capacities, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

69. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY constituted a deliberate indifference to Plaintiff's constitutional rights.

70. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

71. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

72. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

   a. Not to be deprived of liberty without due process of law;

   b. Not to be deprived of property without due process of law;

   c. To be free from search, seizure, arrest and imprisonment not based upon reasonable suspicion and probable cause;

   d. To be free from cruel and unusual punishment;

   e. To be free from infliction of emotional distress; and

   f. To receive equal protection under the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
         August 29, 2014

                                            Respectfully submitted,

                                            *Geoffrey Stewart*

                                            Geoffrey S. Stewart
                                            *Attorney for Plaintiff*
                                            139 Fulton Street, Suite 508
                                            New York, New York  10038
                                            Telephone: (212) 625-9696
                                            gstewart.defender@gmail.com